Loren S. Brumber v. Commissioner.
Loren S. Brumber v. Commissioner
Docket No. 31820.
United States Tax Court
1952 Tax Ct. Memo LEXIS 277; 11 T.C.M. (CCH) 289; T.C.M. (RIA) 52087; March 31, 1952
Norman R. Brown, Esq., and Edwin S. Phillips, Esq., Ellicott Square Bldg., Buffalo, N. Y., for the petitioner. Clay C. Holmes, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner attacks respondent's determination of a $95 deficiency in petitioner's income tax for 1947. The only adjustment to his reported income was the disallowance of an exemption claimed for the alleged support of his son. Findings of Fact Petitioner, Loren Brumber, residing in North Tonawanda, New York, filed his income tax return for 1947 with the collector for the twenty-eighth district of New York. Petitioner married Dorothy Brumber in 1935. A son, Richard Brumber, was born on July 11, 1939. By a judgment *278 of the Supreme Court of New York, rendered March 14, 1944, this marriage was annulled and petitioner was directed "* * * to pay the sum of Eight Dollars ($8.00) per week for the support and maintenance of the child." From the day they were married and until the annulment petitioner and Dorothy lived with her parents. During 1947 Dorothy and Richard were still living with her parents; Dorothy worked and her mother, having quit her job to stay home with Richard, operated the house for the family. Her mother bought the food and paid the bills, with the exception of the milk bill which Dorothy paid, and Dorothy reimbursed her for half of the food, gas, and electricity expenditures. Dorothy paid no rent for either herself or for Richard. During part of 1947 Richard was ill. He was in the hospital three days in April for a tonsillectomy, took injections for hayfever in August, and was treated for an allergy in September. Pursuant to the court order handed down incident to the annulment decree petitioner paid $416 to Dorothy in 1947. Together with various gifts and entertainment expenditures petitioner incurred in Richard's behalf, a total amount of at least $507 was contributed by *279 petitioner for Richard's support during 1947. Including this $507, of which $416 was received from petitioner by Dorothy, a total of $1006 was expended in support of the son of Dorothy and petitioner. During 1947 Dorothy and petitioner both claimed Richard as a dependent for purposes of computing their respective income tax liability. Respondent rejected petitioner's claim. Opinion We have found as a fact that total payments for the support of petitioner's son during the taxable year were approximately $1,006, of which petitioner contributed $507, or in excess of 50 per cent. This disposes of the proceeding, petitioner being entitled to treat as a dependent one for whom he has furnished more than half of the support. Section 25 (b), Internal Revenue Code. In arriving at the figures, we have sought to combine the testimony of petitioner on the one hand and his ex-wife and her mother on the other. On analysis the testimony appears not to be unreasonably far apart, notwithstanding that the financial interest of the respective witnesses was adverse. We have accepted, for example, $300 for the boy's food, $188 for his clothes and shoes, $90 for medical expenses, *280 $50 for his vacation, and $66 for toys. Other miscellaneous items, such as the son's allowance and Sunday School money, his haircuts, and insurance premiums have also been included at the figures given. To all of this we have added an item $180of to compensate for the share of the rent or home upkeep contributed for the boy, although this sum was not mentioned by any witness and apparently must have been contributed by the mother-in-law rather than by the former wife. The figure of $507 we have accepted as respondent's own opinion of the amount allowable for petitioner's share of the total payments, of which $416 is included in the sums expended by the former wife, although petitioner testified to a total of $552. There is some suggestion that respondent's position is fortified by the fact that he has assertedly allowed the dependency credit to the former wife. See, e.g., Ruth W. Collins, 14 T.C. 301; Robert Wood Johnson, 10 T.C. 647, 652; Willkie v. Commissioner (C.A. 6), 127 Fed. (2d) 953. We find that no acceptable ground for disposing of this proceeding. Parenthetically, however, it may be suggested that if respondent has so ruled, there *281 is nothing in the present case which would warrant it since, assuming petitioner were not entitled to the dependency deduction, the former wife likewise failed to contribute 50 per cent of the son's support when the rental allowance item is considered. This is not to say that she substantially underpaid her tax, for her testimony is that she included the $416 in her income which, while not germane to this proceeding, would appear to have been totally unwarranted and unnecessary. Section 22 (k), Internal Revenue Code. [1]
In conclusion we may perhaps be permitted to comment that this proceeding adds one more to the increasing list as to which only the failure of proper administrative disposition can account for their submission here. Decision will be entered for the petitioner. Footnotes
1. "* * * This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *."↩